22-6029
Sarr v. Garland

BIA
Segal, IJ
A208 009 057

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand twenty-four.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

_____

AWA SARR,
> *Petitioner,*

> v.                                                          **22-6029**
>                                                             **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                     Evan M. Goldberg, Law Office of Evan M. Goldberg, Washington, DC.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Scott M. Marconda, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Awa Sarr, a native and citizen of the Ivory Coast, seeks review of a December 22, 2021 decision of the BIA affirming an October 31, 2018 decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Awa Sarr*, No. A208 009 057 (B.I.A. Dec. 22, 2021), *aff'g* No. A208 009 057 (Immig. Ct. N.Y.C. Oct. 31, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo. *See Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010). "[T]he administrative findings of fact are conclusive unless

any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Sarr alleged that, in 2005, she was attacked by gendarmes associated with the Ivorian Popular Front ("FPI") due to her membership in the opposition party she identified as the Republic Democratic Assemblement ("RDR").[1] She testified that gendarmes came to her house, shook her up and down, returned two or three times when she was not there, and told her housekeeper that they would kill Sarr. She also testified and provided a statement from her brother—also an RDR member—that he was arrested, detained, and beaten by the gendarmes in 2011. For the reasons set forth below, the agency did not err in concluding that Sarr failed to establish past persecution or a well-founded fear of future persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a), (b).

**I.     Past Persecution**

"[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted); *see also Ivanishvili v. U.S. Dep't*

---

[1] This appears to be the opposition party we have previously described, in English, as "Rally of the Republicans." *See, e.g., Kone v. Holder*, 596 F.3d 141, 144 (2d Cir. 2010).

*of Just.*, 433 F.3d 332, 341 (2d Cir. 2006) (explaining that, to constitute persecution, harm must be sufficiently severe, rising above "mere harassment"). In evaluating a past persecution claim, the agency must consider the harm suffered in the aggregate. *See Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir. 2005).

The agency did not err in concluding that the harm Sarr suffered was not sufficiently severe to establish past persecution. While "non-life-threatening violence and physical abuse" can be persecution and "physical degradation designed to cause pain, humiliation, or other suffering[] *may* rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground," *Beskovic v. Gonzales*, 467 F.3d 223, 226 & n.3 (2d Cir. 2006) (emphasis added), a minor physical attack, even in the context of an arrest and detention, is not per se persecution, *see Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011). Sarr's testimony that, during a mass arrest, she was shaken "as if you punished a child," Certified Admin. Record at 92 – even when considered in conjunction with the subsequent threats here – does not establish persecution. *See Jian Qiu Liu*, 632 F.3d at 822 (emphasizing importance of context and upholding agency's conclusion that minor beating by family planning officials that occurred before an arrest by the police and that caused only minor bruising did not rise to

the level of persecution). The fact that Sarr did not mention the physical altercation (or the mass arrest) in her asylum application supports the agency's conclusion that she did not suffer harms that amounted to persecution. And the alleged threats conveyed to Sarr's housekeeper do not alter this conclusion. *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (noting that courts have "rejected [persecution] claims involving 'unfulfilled' threats"); *see also Herrera-Reyes v. Att'y Gen.*, 952 F.3d 101, 108 (3d Cir. 2020) (holding that, for unfulfilled threats to constitute persecution, they must be so "concrete and menacing" as to pose a "severe affront to the petitioner's life or freedom" (alterations and internal quotation marks omitted)). Finally, the IJ acknowledged Sarr's brother's 2011 arrest, but was not required to consider that as persecution of Sarr, particularly as she did not witness the incident and the arrest was not a means of targeting her. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141–42 (2d Cir. 2007); *see also Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296, 308 (2d Cir. 2007) ("[A]pplicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer.").

**II.    Future Persecution**

Having failed to show past persecution, Sarr had the burden to establish an

"objectively reasonable" fear of future persecution. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also* 8 C.F.R. § 1208.13(b)(1). To demonstrate such a fear, an applicant must show either that she would be singled out for persecution or that the country of removal has a pattern or practice of persecuting similarly situated individuals. *See* 8 C.F.R. § 1208.13(b)(2)(iii). "Objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to [her] native country." *Jian Xing Huang v. INS*, 421 F.3d 125, 128 (2d Cir. 2005). An asserted fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Id.* at 129. The agency reasonably concluded that Sarr did not demonstrate an objectively reasonable fear of future persecution.

As the IJ noted, the U.S. State Department's 2017 Human Rights Report shows that the RDR had gained a majority position in the government. Based on this political development, the IJ determined that the conditions in the Ivory Coast were more favorable to Sarr than when she fled; Sarr did not dispute this finding on appeal to the BIA. Accordingly, her argument about how this change in country conditions would affect her is unexhausted and not subject to review. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (confirming that

6

petitioner generally must exhaust issues before the BIA).

Moreover, even if we were to consider this argument, we would conclude that the agency did not err in determining that Sarr's fear was not objectively reasonable given that her political party was in power; reports of political prisoners were limited to prisoners from the opposing party; and her fear of returning to the Ivory Coast was undermined by the fact that she had returned three times before coming to the United States without encountering problems, including one visit where she applied for a passport at a government office. *See Kone v. Holder*, 596 F.3d 141, 148 (2d Cir. 2010) (holding that "return trips can be considered as one factor, among others, to rebut" the presumption of a well-founded fear (internal quotation marks omitted)). In sum, Sarr's evidence did not reflect that she would be singled out for persecution or that there is a pattern or practice of persecution of RDR members. *See Jian Xing Huang*, 421 F.3d at 128–29; *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, h[er] failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

Because Sarr failed to establish the chance of persecution required for

asylum, she "necessarily" failed to meet the higher standard for withholding of removal. *Lecaj*, 616 F.3d at 119. She has not challenged the denial of CAT relief, which – in any event – is similarly foreclosed. *See id.* at 120.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court